IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          **CAUSE NO. 1:15-CR-1-LG-RHW**

**THOMAS BERNARD**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [152] Motion for Compassionate Release filed by Defendant, Thomas Bernard. The Government filed a [156] Response in Opposition, to which Defendant filed a [157] Reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

#### BACKGROUND

On April 14, 2015, Bernard entered a plea of guilty to attempted possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On August 17, 2015, the Court sentenced Bernard to 310 months of imprisonment He is currently housed at FCI Yazoo City Low and is scheduled to be released on December 14, 2036.

On May 26, 2020, Bernard filed a *pro se* Motion for Compassionate Release based on the incapacitation of his son's mother, who has been reportedly diagnosed with COVID-19. (Mot. Compassionate Release 1, ECF No. 152). Bernard also cites allegedly substandard confinement conditions at FCI Yazoo City Low in support of his Motion. (*Id.* at 1-2). On June 19, 2020, the Government filed a response in

opposition to the Motion, arguing that (1) Bernard failed to exhaust his administrative remedies, (2) Bernard had not demonstrated any extraordinary or compelling reason to grant a reduction, and (3) the § 3553 factors weigh against Bernard's release. Bernard then filed a reply on June 26, 2020, now represented by counsel, which set forth his arguments in greater detail.

## DISCUSSION

### I. Ripeness of Defendant's Motion

A district court may reduce a defendant's term of imprisonment after (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). To that end, Bernard apparently made a request to prison staff for compassionate release on May 21, 2020. (Request, ECF No. 157-1). There is no indication that this request has been answered. Therefore, as 30 days have now passed since this request, the Court may consider Bernard's Motion on the merits. *United States v. Jimison*, No. 4:08-CR-11-DPJ-LRA, 2020 WL 3213429, at *2 (S.D. Miss. Jun. 15, 2020) (considering a motion for sentence reduction even though the defendant "filed his motion before exhausting his administrative remedies," as the period elapsed in the intervening time).

### II. Merits of Defendant's Motion

In his original *pro se* Motion, Bernard requests compassionate release based on the "incapacitation of the primary caregiver of [his] son," the child's mother, who

"has been diagnose[d] with COVID-19/pneumonia." (Mot. Compassionate Release 1, ECF No. 152). Bernard also cites his rehabilitation in prison and the allegedly unsanitary conditions at FCI Yazoo City Low in further support of his Motion. (*Id.* at 1-2). In his reply memorandum, Bernard adds that there is one active case of COVID-19 at FCI Yazoo City Low. (Reply Supp. Mot. Compassionate Release 14, ECF No. 157).

First, to the extent Defendant requests this Court "allow the remainder of his sentence to be served in home confinement" (Reply Supp. Mot. Compassionate Release 7, ECF No. 122), the Court must note that it lacks the authority to order home confinement. *See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court); *United States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La. Apr. 28, 2020).

Second, to the extent Defendant requests a sentence reduction, he is correct that a court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

The Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release.[1] Some courts continue to obtain guidance from the prior policy statement, U.S.S.G. § 1B1.13, while other courts have determined that they are no longer bound by the prior policy statement. *Compare United States v. York*, Nos. 3:11CR76, 3:12CR145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019). Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.

The policy statement provides that family circumstances may constitute an extraordinary or compelling reason by virtue of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). It also provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii).

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

The policy statement also provides that the defendant should not pose "a danger to the safety of any other person or to the community." *Id*. § 1B1.13(2). To determine whether a defendant poses a danger, courts consider the nature and circumstances of the offense charged and the weight of the evidence against the defendant, as well as the defendant's physical and mental condition, family ties, employment, criminal history, and drug and alcohol use history. 18 U.S.C. § 3142(g). The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release is also an important factor. *Id*.

Defendant's Motion for Compassionate Release, like countless others, is premised on the ongoing COVID-19 pandemic. (Reply Supp. Mot. Compassionate Release 14, ECF No. 157). Defendant reports that there is "at least one inmate with 'active' COVID-19" at FCI Yazoo City Low, where he is housed, and argues that the prison's unsanitary conditions warrant his release. (*Id*.). Defendant is correct that there is one inmate with a confirmed case of COVID-19 at FCI Yazoo City Low. *See COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (retrieved June 29, 2020).

However, Defendant, a 39-year-old male, does not cite any medical conditions which would leave him at higher risk for severe illness from the virus. (*Id*.). Where "the defendant does not allege that he is within the category of individuals who are at high risk for serious illness or death resulting from COVID-19, i.e., those with certain underlying conditions and those who are classified as elderly," the defendant's "generalized fear of contracting COVID-19 does not justify

-5-

compassionate release." *United States v. Perez-Serrano*, No. 5:13-CR-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020). The Court is sympathetic to Bernard's fear of contracting COVID-19 while confined to FCI Yazoo City Low. But without any medical complications, Bernard's fear does not amount to an extraordinary or compelling reason to reduce his sentence.

Bernard's family circumstances are more compelling. The policy statement provides that death or incapacitation of the defendant's spouse or a caregiver of the defendant's children justifies sentence reduction—in other words, a situation wherein the defendant has become the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). Bernard has a sixteen-year-old son currently in the custody of the child's mother, Amanda Hall, who is his primary caregiver. (Reply Supp. Mot. Compassionate Release 15, ECF No. 157). It appears that Hall is diagnosed with COVID-19 and has had trouble recovering from the virus. (*Id.*).

Although weight should be placed on Bernard's family circumstances, the Court agrees with the Government that "the § 3553(a) factors weight against a sentence reduction." (Govt.'s Resp. Def.'s Mot. Reduce Sent. 18, ECF No. 156). The § 3553 sentencing factors include the nature and circumstances of the offense and the history of the defendant. The Court may also consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and treatment. 18 U.S.C. § 3553(a).

Here, Bernard entered a plea of guilty to one of four counts listed in the indictment; the remaining counts were then dismissed pursuant to his plea agreement. After considering several special offense characteristics, Bernard's total offense level was 41. (Presentence Investigation Report (PSR) ¶ 159, ECF No. 128). These characteristics included the involvement of methamphetamine importation and Defendant's role as organizer or leader of the criminal activity. (*Id.* ¶¶ 150-53). Bernard also maintained a history of drug-related and other offenses. (*Id.* ¶¶ 161-70). Although the sentencing guideline was 360 months to life based upon his offense level and criminal history, with a 40-year statutory maximum, Bernard was sentenced to 310 months of imprisonment. (*Id.* ¶¶ 117-18); *see also* 21 U.S.C. § 846. Further, Bernard has only served 67 months, which is less than a fourth of his 310-month sentence. The Court finds that, under these circumstances, a reduction in Bernard's sentence would not reflect the gravity of the offense nor provide adequate deterrence to future offenses.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [152] Motion for Compassionate Release filed by the defendant, Thomas Bernard, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE