IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.     CAUSE NO. 1:15CR1-LG-RHW-4

**THOMAS BERNARD**

### ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

**BEFORE THE COURT** is the [176] Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Thomas Bernard. The Government filed a response in opposition to the Motion. The Court granted Defendant additional time to file a reply in support of his Motion, but he did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

Defendant pled guilty to one count of attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, and three other charges filed against him were dismissed pursuant to the plea agreement. (Plea Agreement, ECF No. 100; Plea Supplement, ECF No. 101). On August 17, 2015, a Judgment was entered, sentencing him to 310 months of imprisonment and five years of supervised release. (*Id.* at 2-3). According to the Bureau of Prisons' website, his expected release date is January 25, 2036.

On March 27, 2023, Defendant filed the present Motion for a Reduction of Sentence. He claims that the Court erred at sentencing by imposing an importation adjustment due to the purity level of the methamphetamine at issue.

## DISCUSSION

Generally, a judgment of conviction that includes a sentence of imprisonment is a final judgment for all other purposes. 18 U.S.C. § 3582(b). One exception permits a judgment to be modified pursuant to 18 U.S.C. § 3582(c), which Bernard relies on in the present Motion. However, "a prisoner cannot use § 3582(c) to challenge the legality or the duration of a sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Section 3582(b) also provides that a court can modify a sentence pursuant to Fed. R. Crim. P. 35, which permits the Court to (a) correct a clear error in the sentence within fourteen days after sentencing or (b) modify a sentence for substantial assistance. 18 U.S.C. § 3742, which pertains to appeals, also permits modification of a sentence. Neither of these provisions authorize the Court to modify Defendant's sentence.

The other possible basis for altering a sentence is Section 2255, which "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under Section 2255 is warranted for errors cognizable on collateral review that occurred "at or prior to sentencing." *Id.* However, Defendant waived his right to file a Section 2255 motion when he pled guilty, (*see* Plea Agreement at 5, ECF No. 100), and if the present Motion were

-3-

construed as a § 2255 motion, it would be untimely pursuant to 18 U.S.C. § 2255(f)(1), which provides that the one-year statute of limitations applicable to Section 2255 Motions generally begins to run from the date on which the judgment of conviction becomes final. As a result, Bernard's Motion for a Reduction of Sentence must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [176] Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Thomas Bernard is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE