IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.     CAUSE NO. 1:15CR1-LG-RHW-4

**THOMAS BERNARD**

**<u>ORDER DENYING DEFENDANT'S [187[ MOTION FOR A REDUCTION OF SENTENCE AND [186] MOTION FOR AN EVIDENTIARY HEARING</u>**

Defendant Thomas Bernard has filed a [187] Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and a [186] Motion for an Evidentiary Hearing. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that Defendant is not entitled to relief under Section 3582.

BACKGROUND

Defendant pled guilty to one count of attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. On August 17, 2015, the Court entered a [134] Judgment sentencing him to 310 months of imprisonment and five years of supervised release. He did not appeal his conviction or file a motion for post-conviction relief pursuant to Section 2255. Since he was arrested on December 8, 2014, and he was ordered detained, it appears that Defendant has served approximately eleven years of his sentence. *See* Arrest Warrant Returned Executed [49]; Order of Detention [10]. According to the Bureau of Prisons' website, his expected release date is March 6, 2036.

Defendant previously filed a [152] Motion for Compassionate Release due to the COVID-19 pandemic and the incapacitation of his child's mother. The Court

denied the Motion because the Section 3553(a) factors weighed against a sentence reduction. He next filed a [176] Motion for Sentence Reduction claiming that the Court erred in imposing an importation enhancement. That motion was denied as an improper Section 3582 motion. *See* Order [182] at 2. Defendant now seeks a reduction in sentence because he claims he is serving an unusually long sentence.

## DISCUSSION

18 U.S.C. § 3582 permits a court to modify a term of imprisonment if: (1) the defendant has exhausted his administrative remedies; (2) the relevant factors set forth in 18 U.S.C. § 3553 support a reduction; and extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[P]risoners have extraordinary and compelling reasons for relief 'only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner.'" *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)). The Sentencing Guidelines provide that a change in the law may be considered when "determining whether the defendant presents an extraordinary and compelling reason" *if* a defendant received an unusually long sentence *and* has served at least ten years of the term of imprisonment. U.S.S.G. § 1B1.13(b)(6).

In the present case, Defendant relies on *United States v. Haines*, 803 F.3d 713 (5th Cir. 2015), which was decided almost two months after his sentencing. He claims that *Haines* constitutes a change in law that, when considered with his eleven years of imprisonment served thus far, and his unusually long sentence of

310 months, can be considered an extraordinary and compelling reason to reduce his sentence. *See* U.S.S.G. § 1B1.13(b)(6). In *Haines*, the Fifth Circuit held that, "for purposes of statutory minimums at sentencing, the relevant quantity is the quantity attributable to the individual defendant," "not the quantity attributable to the entire conspiracy." 803 F.3d at 739, 742. Defendant claims that his sentence was based on an inflated drug quantity to which he did not agree. However, the [131] Statement of Reasons reflects that "[t]he [G]overnment and [D]efendant's attorney stipulated that 77,001 kg of marijuana was the correct amount to hold the defendant accountable for." SOR [131] at 1. Therefore, the base offense level was reduced to 36, and the Court imposed the mandatory minimum sentence. *Id.*

Even if Defendant had not stipulated to the drug quantity, his Motions must be denied. The Fifth Circuit has held that the Sentencing Guideline concerning an unusually long sentence does not change the fact that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion." *Austin*, 125 F.4th at 692 (quoting *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam)). This is because non-retroactive changes in the law "are neither extraordinary nor compelling." *Id.*; *see also United States v. Hunter*, 12 F.4th 555, 566 (6th Cir. 2021) (finding that non-retroactive judicial decisions do not constitute "extraordinary and compelling reasons" justifying a § 3582 sentence reduction).

Furthermore, a prisoner cannot use a Section 3582 motion "to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187. Challenges of

that nature must be filed under Chapter 153 of Title 28 of the United States Code, which provides "specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court," such as 28 U.S.C. §§ 2241, 2244, 2254, and 2255.  *Id.*; *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence.").  This requirement "prevents prisoners from 'impermissibly circumvent[ing] the requirement[s]' Congress imposed," *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005), because "[i]f a prisoner could avoid the strictures Congress imposed in Chapter 153 by bringing their release-from-confinement claims under a different, more general, and more permissive statute, he obviously would." *Escajeda*, 58 F.4th at 187.

Under the relevant Fifth Circuit precedent, Defendant has not demonstrated an extraordinary and compelling reason for a sentence reduction.  In addition, Section 3582 does not provide the relief which he seeks.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Thomas Bernard's [187] Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Thomas Bernard's [186] Motion for an Evidentiary Hearing is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE